**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Sunrise International Leasing Corporation,

Plaintiff,

v.

Wholesale Office Systems, Inc., Robert Walker, Kevin Impellizzieri, Elaine Impellizzieri, and John Doe 1-10,

Defendants.

Civil No. 01-31 (DWF/AJB)

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS OR CHANGE VENUE**

This matter is before the Court, Hon. Arthur J. Boylan, Magistrate Judge, for report and recommendation on defendants' motion to dismiss for lack of personal jurisdiction and alternative motion for change of venue to New York. Defendants also contend that the amended complaint[1] fails to state a cause of action and that fraud allegations are not alleged with sufficient particularity. The motions came before the Court without hearing for consideration based upon the memorandums, affidavits and exhibits submitted by the parties. The Court is chambered at 638 U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101. Plaintiff is represented by Kyle E. Hart, Esq. Defendants are represented by Robert D. Maher, Esq., Laurel

[1] Plaintiff filed an amended complaint on March 13, 2001 [Docket No. 19], after the motions under Fed. R. Civ. P. 12(b) now under consideration were filed. The Rule 12(b) motion is in lieu of responsive pleading and no answer to the complaint was filed. Fed. R. Civ. P. 15 permits a party to amend a pleading once as a matter of course before a responsive pleading is served. Defendants have not asserted any opposition to the filing of the amended complaint, but rather, have amended their motion to directly seek dismissal or change of venue on the amended complaint [Docket No. 20]. The amended complaint deletes Kevin Impellizzieri and Elaine Impellizzieri as named defendants and sets out separate causes of action for breach of contract, conversion, and fraud. This Report and Recommendation addresses the claims as alleged in the amended complaint.

FILED APR 12 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Eveleigh, Esq., and Joshua J. Yablonski, Esq. The matter is properly before the Magistrate Judge for report and recommendation under 28 U.S.C. §636 and Local Rule 72.1(c). Subsequent to service of the motion, individual defendants Kevin Impellizzieri and Elaine Impellizzieri were voluntarily dismissed [Docket No. 7], and plaintiff represents that Wholesale Office Systems, Inc., and Robert Walker are the only remaining defendants in the action.

For the reasons discussed below, it is **recommended** that defendants' motions to dismiss be **granted in part and denied in part** [Docket Nos. 9 and 20], and that defendants' alternative motion for change of venue be **denied** [Docket Nos. 9 and 20]. It is recommended that defendants' motion to dismiss based upon lack of personal jurisdiction be denied; that the motion to dismiss claims against the individual defendant based upon failure to state a claim which upon which relief can be granted be denied, except with respect to a breach of contract claim which is not sufficiently alleged as to the individual defendant; and that the claim of fraud be dismissed with respect to both the corporate and individual defendants, based upon failure to plead the claim with sufficient particularity.

Dated: 4/12/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Plaintiff in this action, Sunrise International Leasing Corporation, is a Minnesota corporation. Sunrise is in the office equipment leasing business and has customers throughout

the United States. In the event of a lease expiration or default on a lease, Sunrise contacts outside parties to recover the property, thereafter described as "off-lease" equipment. Defendant Wholesale Office Systems is a New York corporation in the business of recovering and re-marketing off-lease equipment, and has served in that role on behalf of plaintiff Sunrise. Wholesale sometimes purchases recovered off-lease equipment from the leasing company and other times simply warehouses the property pending other delivery instructions. Defendant Robert Walker is the President of defendant corporation, Wholesale Office Systems.

The parties in this action have been doing business with one another for nearly two years. Plaintiff commenced this suit in United States District Court in Minnesota alleging that defendant Wholesale is in breach of contract by reason of its failure to remit net proceeds from re-marketed equipment; that Wholesale and Walker have converted property by retaining equipment and sale proceeds which rightfully belong to Sunrise; and that the conduct of Wholesale and Walker constitutes fraud. Defendants move for dismissal of claims based upon the Minnesota Court's lack of personal jurisdiction over these New York defendants, failure to state a cause of action against the individual defendant, and failure to properly state a fraud claim. Defendants contend that they do not have sufficient minimum contacts with Minnesota to satisfy due process requirements for establishing personal jurisdiction. They further insist that the pleadings allege only corporate misdeeds and do not effectively state claims against the individual. Finally, it is argued that the fraud claim is not stated with the specificity required under Fed. R. Civ. P. 9(b).

**Personal Jurisdiction**

Defendants are residents of New York. They contend that due process

requirements are not satisfied because there are not sufficient "minimum contacts" between the defendants and the State of Minnesota to allow Minnesota's exercise of jurisdiction over them. A federal court's jurisdiction over a non-resident party is determined through application of a two-step test. Soo Line Railroad Co. v. Hawker Siddeley Canada, Inc., 950 F. 2d 526, 528 (8th Cir. 1991). First, the court asks whether the exercise of jurisdiction is permitted under the forum state's long-arm statute, and second, the court considers whether the exercise of jurisdiction comports with constitutional due process. Zumbro, Inc. v. California Natural Products, 861 F.Supp. 773, 777 (D. Minn. 1994) citing Morris v. Barkbuster, Inc., 923 F.2d 1277, 1280 (8th Cir. 1991). Defendants do not contend that the long-arm statute is ineffective in this instance, and since Minnesota's long-arm statute, Minn. Stat. §543.19 subd. 1(b) extends jurisdiction to the fullest extent permitted by due process, the test is simply whether the exercise of personal jurisdiction conforms with due process. Zumbro, Inc., 861 F.Supp. at 777, citing Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 818 (8th Cir. 1994).

It is the Due Process Clause that mandates application of a standard whereby a forum state may not exercise jurisdiction over a nonresident defendant unless the defendant has sufficient "minimum contacts" with the forum state. Zumbro, Inc. at 778, citing Bell Paper at 818 (8th Cir. 1994). Sufficient contacts exist when the defendant's conduct and connection with the forum state should cause the defendant to reasonably anticipate being drawn into court there. Zumbro, Inc. at 778, citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567 (1980). The "reasonable anticipation" requirement is met when the defendant has engaged in some act through which it purposely avails itself of the privilege of conducting activities within the forum state and thereby invokes the benefits and protections of its laws.

Zumbro, Inc. at 778, citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182 (1985). Jurisdiction may not be based solely on random, fortuitous, or attenuated circumstances, or the unilateral activity of another party, Burger King Corp., 105 S.Ct. at 2183, but jurisdiction may be found where the defendant has created "continuing obligations" between itself and residents of the forum state. Id. at 2184. However, even in the event that sufficient contacts exist, due process requires that maintenance of the suit not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945) quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 342 (1940).

There is little significant dispute with regard to facts relevant to personal jurisdiction in this matter, though the parties do not necessarily agree which facts are central to the issue. Defendants assert that they had no contacts with Minnesota apart from its business activities with plaintiff Sunrise.[2] Wholesale represents that it has no offices, agents, representatives, employees or officers who regularly travel to the state or otherwise conduct business in Minnesota. Defendant Wholesale is not licensed or registered in Minnesota, does not

---

[2] The determination of whether the exercise of personal jurisdiction in a particular case comports with due process may be guided by consideration of five factors, those being: (1) the nature and quality of the defendants contacts with the forum state; (2) the quantity of the contacts; (3) the relation of the cause of action with the forum state; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties. Sybaritic, Inc. v. Interport Intern, Inc., 957 F.2d 522, 524 (8th Cir 1992). Analysis under this framework encompasses the concepts of both "minimum contacts" and "fair play and substantial justice." Id. Furthermore, the factors permit determination on whether personal jurisdiction exists as a result of a specific relationship between the plaintiff's claims and the defendant's activities in the forum state, or exists as a matter of general jurisdiction based upon a nonresident defendant's "continuous and systematic" contacts with the forum state, without regard to the nature of the claims. Zumbro, Inc., 861 F.Supp. 773, 778 (D. Minn. 1994). However, principles other than these five factors may be applied to evaluate the propriety of personal jurisdiction in certain instances. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478, 105 S.Ct. 2174, 2185 (1985).

have bank accounts in Minnesota, and neither owns or uses any real property in Minnesota. Wholesale contends that its physical contact with the state was limited to seven or fewer occasions on which it came to Minnesota to take custody of lease equipment and one meeting between representatives which took place at plaintiff's Minnesota offices. In contrast, defendants note that the vast majority of business dealings between the parties involved removal of lease equipment from states other than Minnesota[3] and their communications were typically made via telephone, mail, and electronic correspondence. Defendants insist that Sunrise was the aggressor in their business relationship and Sunrise cannot meet the burden of establishing sufficient minimum contacts between Wholesale and Minnesota to permit the exercise of personal jurisdiction. Plaintiff does not allege that defendants had extensive physical contact with Minnesota but relies primarily upon its factual contention that there were approximately 270 transactions and innumerable communications between the parties over the course of a two-year contractual relationship.

Where a defendant has created a continuing obligation between himself and residents of the forum state, he has manifestly availed himself of the privilege of doing business and it is presumptively not unreasonable that the defendant be required to submit to litigation in that forum. Burger King Corp. v. Rudzewicz, 105 S.Ct. 2174, 2184. Jurisdiction may not be avoided on the basis of a paucity of physical contacts in light of the commercial reality whereby a substantial amount of business is transacted by mail and electronic communications, thereby eliminating the need for physical presence. Id. In the commercial context, a defendant who has

[3] Actual removal of lease equipment and delivery to New York warehouses is generally accomplished by independent contractors retained by defendant. Affidavit of Robert Walker, Para. 9 and 11.

purposefully directed activities at forum residents carries the burden of making a compelling showing that other considerations render jurisdiction unreasonable. Id. at 2184-85. Defendants have not presented compelling facts or argument to establish that Minnesota's exercise of personal jurisdiction is unreasonable in this instance.

The essential nature of the claims in this case is contractual. Defendant argues that repossession, storage, and re-marketing of office equipment is the fundamental underlying basis for the relationship between the parties and few or none of those activities take place in Minnesota. The Court observes, however, that the plaintiff is not alleging negligence, property damage, or any other claim having particular relevance to another jurisdiction. See Morris v. Barkbuster, 923 F.2d 1277, 1282 (8th Cir. 1991). The claims arise out of Sunrise's contractual right to payments from Wholesale and therefore relate to the defendants' contacts with the forum. Id. at 1282 (distinguishing and explaining Burger King Corp. v. Rudzewicz, 105 S.Ct. 2174). The commercial relationship at issue in this matter occurred over a two-year period of time during which the parties had substantial and continuing obligations to one another. The relationship involved many separate transactions and payment obligations. In no sense are the claims based upon random, fortuitous, or attenuated circumstances, or the unilateral activity of either party. The course of dealing between these parties gave defendants fair notice that they could be subject to suit in Minnesota, and defendants have simply not shown that subjecting them to personal jurisdiction in Minnesota would offend traditional notions of fair play and substantial justice or would otherwise be fundamentally unfair. Minnesota has personal jurisdiction over defendants in this action and their motion to dismiss on those grounds should be denied.

**Robert Walker.** The individual defendant Robert Walker asserts lack of personal jurisdiction based upon the overall absence of minimum contacts as discussed above with respect to both the corporation, Wholesale Office Systems, and himself, and he further contends that personal jurisdiction over the individual is not an automatic outgrowth of his corporate officer position and duties. Plaintiff alleges that jurisdiction in this forum is proper because of Walker's role a president of Wholesale and his primary participation in the various contacts and transactions between the parties.

While personal jurisdiction over corporate officers perhaps may not be inferred in the absence of any supporting facts, Minnesota Mining and Manufacturing Co. v. Rauh Rubber, Inc., 943 F.Supp. 1117, 1124 (D. Minn. 1996), by the same token, an officer's status does not somehow insulate him from jurisdiction. U.S. S.E.C. v. Carrillo, 115 F.3d 1540, 1547 (11th Cir. 1997) citing Calder v. Jones, 465 U.S. 783, 790, 104 S.Ct. 1482, 1487 (1984). In considering facts pertinent to this motion, the Court should resolve any conflicts in allegations in the light most favorable to the plaintiff. Minnesota Mining and Manufacturing Co. at 1122.

Mr. Walker is the president of the corporate defendant and has been to Minnesota on at least one visit for purposes of doing business with plaintiff Sunrise and on at least two other occasions for other business reasons.[4] More importantly, however, Walker has been a primary participant in the alleged contacts and transactions with Sunrise which give rise to this action; he has communicated by phone and e-mail on a regular basis with Sunrise with respect to business transactions; and he has submitted a equipment bid proposal to Sunrise which specifically

---

[4] Affidavit of Robert Walker, Para. 12.

identifies himself as the "owner" of Wholesale Office Systems.[5] Though defendant Walker does not concede the significance of his personal contacts with the defendant, he does not deny the allegations of frequent contact between himself and Sunrise with respect to substantial and continuing contractual obligations. Minnesota has personal jurisdiction over the named individual defendant in this matter and Mr. Walker's request for dismissal of personal claims against him on jurisdictional grounds should be denied.

**Failure to State a Claim**

The individual defendant moves to dismiss claims against him pursuant to Fed. R. Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted. The amended complaint alleged that "Robert Walker is an individual resident of a foreign state who is associated with Wholesale and who conspired, aided, abetted, and/or assisted Wholesale in perpetrating the unlawful acts described below." The amended complaint goes on to state claims based upon breach of contract, conversion, and fraud. The pleading specifically alleges that Robert Walker participated or acquiesced in acts of conversion, and also specifically alleges that Robert Walker made false representations in the context of a fraud claim. The breach of contract claim asserts that Wholesale's actions constitute breach of contract but contains no explicit allegation against Walker.

Federal Rule of Civil Procedure 12(b)(6) provides that a pleader may assert a defense of failure to state a claim upon which relief can be granted by motion. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." J.D. Conley

---

[5] Affidavit of Carrie Halvorson, Para. 14 and 16, Exh. E.

v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). The reviewing court must take all well pleaded allegations as true and in the light most favorable to plaintiff. St. Croix Waterway Ass'n v. Meyer, 178 F.3d 515, 519 (8th Cir. 1999). However, the court is not required to accept the legal conclusions drawn by the pleader from those facts. Thompson v. Olsten Kimberly Qualitycare, Inc., 980 F.Supp. 1035, 1037 (D. Minn. 1997).

Defendant essentially argues that those claims that have been alleged are effectively asserted against the corporation only; officers are not liable on such claims merely because of their association with the corporation; and the pleadings allege no actions taken by the individual outside the scope of corporate authorization and responsibilities. Fed. R. Civ. P. 8(a)(2) requires only that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief. Ring v. First Interstate Mortgage Co.,984 F.2d 924, 928 (8th Cir. 1993). With respect to conversion and fraud the amended complaint clearly puts the individual defendant on notice that those claims are being asserted against him. The respective claims indicate that they relate to the remarketing of equipment owned by plaintiff, defendant Wholesale's retention or failure to tender sale proceeds, and the personal involvement of the individual defendant. The amended complaint provides Walker with fair notice of the charges and sufficient information is conveyed to permit a meaningful response to the pleading. The pleading requirements of Fed. R. Civ. P. 8(a) are thereby satisfied with regard to conversion and fraud claim. Id. at 928. Whether plaintiff can prove conversion and fraud claims against the individual defendant is not properly before the Court on motion to dismiss under Rule 12(b)(6) . Id.

With respect to the amended complaint allegation of breach of contract, the

pleading is ineffective as a direct claim against the individual defendant. The general allegations in the amended complaint state that Walker conspired, aided, abetted, and/or assisted in perpetrating acts described elsewhere, but does not explicitly reference each of the separate causes of action. The breach of contract count itself asserts the corporation's liability, and demands relief from Wholesale, but makes no reference to defendant Walker. Indeed, plaintiff's memorandum in opposition to dismissal does not address the adequacy of his pleading in direct reference to the breach of contract claim. Instead, plaintiff generally defends the his pleading and specifically discusses individual liability for corporate tort and fraud. Frankly, the real question is not whether the amended complaint sufficiently states a cause of action for breach of contract against the individual defendant, but rather, whether plaintiff even intended to allege Walker's individual liability on that particular claim. Neither the pleading nor plaintiff's argument in support of the pleading answers this question and the amended complaint consequently fails to provide Walker with fair notice or sufficient information regarding the charges to permit a meaningful response to the breach of contract claim.

**Sufficiency of Fraud Claim**

It is argued on behalf of both the corporate and individual defendants that the fraud claim should be dismissed based upon plaintiff's failure to allege the claim with the specificity required under Fed. R. Civ. P. 9(b). Rule 9(b) states that a pleading must aver the circumstances constituting fraud with particularity. More specifically, Rule 9(b) requires that a complaint plead the "who, what, when, where, and how" of the alleged fraudulent conduct. Weisburgh v. St. Jude Medical, Inc., 158 F.R.D. 638, 641 (D. Minn. 1994) quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990). The particularity requirement for fraud

allegations is an important deviation from the usual notice pleading requirements under the federal rules. Weisburgh at 641-42. Particularity is also a facet of Minnesota law which further requires that the elements of a fraud cause of action be pleaded. Stubblefield v. Gruenberg, 426 N.W.2d 912, 914 (Minn. App. 1988) citing Alho v. Sterling, 122 N.W.2d 869 (1963). It is not sufficient to merely recite the elements of fraud without supporting facts. Stubblefield at 914.

The amended complaint alleges that Sunrise was induced to transfer equipment to Wholesale as a result of Walker's representation that Sunrise would receive sale proceeds. The pleading alleges that the representations were false and known to be false when made. The amended complaint further states that defendants' conduct is consistent with a common fraudulent practice in the leasing industry, and that Sunrise reasonably relied upon defendants' representations, was not aware of their falsity, and was damaged as a result of the representations. The fraud allegation in this case is tailored to allege the elements of fraud but utterly fails to assert any concrete facts whatsoever with respect to any of those elements. The count does not reference any specific statements by Walker or communications on behalf of the corporation. Plaintiff relies upon the two-year business relationship between the parties to establish a time frame but offers no clear indication as to when any fraud took place. Reference to a common fraudulent practice in the leasing industry is a statement of theory, based upon speculation, unsupported by fact, and marginally relevant to the pleading. Of course, the falsity of representations has not been factually alleged where the representations themselves are not recited. Plaintiff's claim of fraud consists entirely of conclusory allegations and is not pleaded with the particularity required pursuant to Fed. R. Civ. P. 9(b). Count III of the amended complaint should be dismissed as against both Wholesale Office Systems and Robert Walker.

**Venue**

As an alternative to dismissal defendants move the Court to transfer venue of this action from Minnesota to New York. Transfer of venue is authorized under 28 U.S.C. § 1404(a) which provides that:

> [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Transfer under 1404(a) "should not be freely granted," Radisson Hotels Intl., Inc. v. Westin Hotel Co., 931 F. Supp. 638, 641 (D. Minn. 1996) quoting United Mortgage Corp. v. Plaza Mortgage Corp., 853 F.Supp. 311, 314, and the party requesting change of venue carries the "heavy burden" of showing that the balance of factors "strongly" weigh in its favor. Radisson Hotels at 641. Factors to consider include convenience of the parties, convenience of the witnesses, and the interests of justice.

Defendants request a change of venue based upon the propriety of New York jurisdiction, the residences of the parties, and inconvenience they would experience litigating the case in Minnesota. This Court concludes that defendants have not carried their heavy burden of showing the factors to be considered weigh in favor of transfer. Consideration of the convenience of parties does not strongly favor either side. Kevin Impellizzieri and Elaine Impellizzieri are no longer parties and for convenience purposes, there is no showing that the New York corporate defendant is exposed to any greater inconvenience than the Minnesota corporate plaintiff would face if required to go to New York. It can be presumed that both companies maintain records at their respective office locations and inconvenience to defendant Walker is no greater than the inconvenience to a representative of Sunrise who would be

compelled to travel to New York. With respect to witnesses, defendant makes no factual showing whatsoever with regard to convenience and relies upon a bare assertion that witnesses would likely be in New York because that is where the defendants do business. Defendants seem to rely primarily on their personal jurisdiction argument to show that the interests of justice warrants transfer of venue to New York. Defendants' case in support of change of venue falls woefully short of meeting the heavy burden of showing that the balance of factors strongly weigh in their favor and that the convenience of the parties and witnesses, or the interests of justice, justify change of venue. The motion for change of venue should be denied.