**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Sunrise International Leasing Corporation,

Plaintiff,

v.

Wholesale Office Systems, Inc., Robert Walker, and John Doe 1-10,

Defendants.

Civil No. 01-31 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Christopher P. Chilstrom, Esq., and Kyle E. Hart, Esq., Fabyanske, Westra & Hart, 920 2nd Avenue South, Suite 1100, Minneapolis, Minnesota 55402, counsel for Plaintiff.

Caryn Scherb Glover, Esq., and Robert D. Maher, Esq., Best & Flanagan, 225 6th Street South, Suite 4000, Minneapolis, Minnesota 55402, counsel for Defendant Robert Walker.

---

## INTRODUCTION

The above-entitled matter is before the undersigned United States District Judge pursuant to Plaintiff Sunrise International Leasing Corporation's request for attorney fees and costs related to Plaintiff's Motion for Default Judgment and to Plaintiff's response to Defendant Robert Walker's Motion for Summary Judgment.

## DISCUSSION

In its Motion for Default Judgment and in its response to Defendant Robert Walker's Motion for Summary Judgment, Plaintiff requested that this Court award Plaintiff its attorney fees and costs. These requests were premised upon Defendant Robert Walker's failure to comply with the discovery orders of Magistrate Judge Arthur J. Boylan dated February 20, 2002, and May 30, 2002; Defendant Robert Walker's repeated evasion of Plaintiff's discovery requests;

FILED ______
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

and his refusal to respond to basic, relevant questioning during his deposition testimony. Because of these failures, Plaintiff asserts that Defendant Robert Walker's Motion for Summary Judgment was meritless and vexatious.

The Court finds that Defendant Robert Walker's failure to comply with these discovery orders and his continued attempts to delay and to evade Plaintiff's legitimate attempts at discovery were abusive litigation tactics. Thus, the Court finds that Plaintiff is entitled to its reasonable attorney fees and costs in bringing its Motion for Default Judgment and in responding to Defendant Robert Walker's Motion for Summary Judgment.

On September 9, 2002, this Court ordered that Plaintiff submit an affidavit detailing its attorney fees and costs in bringing its Motion for Default Judgment and in responding to Defendant Robert Walker's Motion for Summary Judgment. According to the affidavit submitted by Plaintiff, Plaintiff began preparing its default judgment papers on June 26, 2002. Thus, the only costs that are appropriately awarded to Plaintiff on this matter are $477.40, which represents the Plaintiff's costs commencing on June 26, 2002, and afterward. The Court further finds that a reasonable attorney fee award in this matter is $6,999, which represents half of the total costs, as delineated in Plaintiff's affidavit, for bringing its Motion for Default Judgment and responding to Defendant Robert Walker's Motion for Summary Judgment.

Based on all of the files, records and proceedings herein, **IT IS HEREBY ORDERED:**

1. Defendant Robert Walker is ordered to pay attorney fees to Plaintiff in the amount of $6,999. Such attorney fees shall be paid by November 1, 2002.

2. Defendant Robert Walker is ordered to pay costs to Plaintiff in the amount of $477.40. Such costs shall be paid by November 1, 2002.

Dated: October 2, 2002

DONOVAN W. FRANK
Judge of United States District Court