**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Sunrise International Leasing Corporation,

Plaintiff,

v.

Wholesale Office Systems, Inc., Robert Walker, and John Doe 1-10,

Defendants.

Civil No. 01-31 (DWF/AJB)

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT ON PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AND DISMISSAL OF COUNTERCLAIMS**

---

Christopher P. Chilstrom, Esq., and Kyle E. Hart, Esq., Fabyanske, Westra & Hart, 920 2nd Avenue South, Suite 1100, Minneapolis, Minnesota 55402, counsel for Plaintiff.

Caryn Scherb Glover, Esq., and Robert D. Maher, Esq., Best & Flanagan, 225 6th Street South, Suite 4000, Minneapolis, Minnesota 55402; and Steven B. Alderman, Esq., Alderman Wladis, 472 South Salina Street, Suite 444, Syracuse, NY 13202, counsel for Defendant Robert Walker.

---

## INTRODUCTION

The above-entitled matter is before the undersigned United States District Judge pursuant to Plaintiff Sunrise International Leasing Corporation's Motions for Default Judgment and Dismissal of Counterclaims, and pursuant to Plaintiff's subsequent affidavit of non-compliance, re-requesting that the Court grant default judgment against Defendants Wholesale Office Systems, Inc., and Robert Walker in the amount of $659,815.

Based upon the file and records in this case, and the Court being otherwise duly advised in the premises, the Court hereby makes the following:

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**FINDINGS OF FACT**

1. By Orders dated February 20, 2002, and May 30, 2002, Magistrate Judge Arthur J. Boylan ordered that Defendant Robert Walker comply with all of Plaintiff's outstanding written discovery requests and that Defendant Robert Walker appear for scheduled depositions and "provide complete and non-evasive testimony" to Plaintiff.

2. On July 11, 2002, Plaintiff submitted a Motion for Default Judgment and Dismissal of Counterclaims (Doc. No. 69) to this Court, based primarily upon Defendants' failure to comply with the Orders of Magistrate Judge Boylan.

3. At the hearing on Plaintiff's Motion for Default Judgment and Dismissal of Counterclaims on September 6, 2002, no one appeared on behalf of Defendant Wholesale Office Systems, Inc.

4. On September 9, 2002, this Court entered an Order in this matter which stated as follows:

> The Court reserves the right to enter default judgment against Defendants Wholesale Office Systems, Inc., and Robert Walker and to grant sanctions, including further attorney fees and costs, if Defendant Robert Walker does not comply with this Order.
>
> Defendant Robert Walker is ordered to comply with the Orders of Magistrate Judge Arthur J. Boylan dated February 20, 2002 (Doc. No. 56) and May 30, 2002 (Doc. No. 68). Such compliance shall occur by October 15, 2002, or Plaintiff may file an affidavit of non-compliance with the Court re-requesting a default judgment in the amount of $659,815.

5. Defendant Robert Walker's counsel submitted a letter to this Court dated October 10, 2002, which stated as follows:

> Mr. Walker has informed us that he is simply without the financial resources to continue to defend this lawsuit or to pay the sanctions imposed upon him and Wholesale Office Systems, Inc. by the Court. Although Mr. Walker has attempted to find resources which would allow him to continue his defense, he has been unsuccessful. As a result, he is not able to comply with the Court's recent order

requiring him to provide additional discovery and appear for deposition, or to pay monetary sanctions.

Mr. Walker understands that the consequences of his failure to comply with the Court's order may result in a default judgment against him and Wholesale, but he feels at this point that he has no other options.

6. On October 11, 2002, Defendant Robert Walker filed a Chapter 13 Bankruptcy Petition with the U.S. Bankruptcy Court, Northern District of New York. Mr. Walker filed this petition in an individual capacity.

7. To date, Defendants Wholesale Office System, Inc., and Robert Walker have failed to comply with the Orders of Magistrate Judge Boylan and with the Orders of this Court. Despite the Court's tolerance in allowing Defendants until October 15, 2002, to comply with these orders, Defendants have remained in willful noncompliance. It appears to the Court that Defendant Robert Walker intentionally delayed and evaded the orders of this Court in an attempt to avoid his inevitable liability to Plaintiff.

8. Based upon the record before the Court, the Court finds and concludes that Plaintiff demonstrated that the difference between the aggregate amount of Plaintiff's legitimate invoices issued to Defendants and the aggregate amount of Defendants' payments made to Plaintiff is $659,815. Defendants have taken no steps to rebut the conclusion of Plaintiff's expert.

9. That any conclusion of law deemed a finding of fact is incorporated herein.

Based upon the Findings of Fact, the Court hereby makes the following:

## CONCLUSIONS OF LAW

1. The Court finds and concludes that Defendants Wholesale Office Systems, Inc., and Robert Walker have repeatedly failed to comply with Plaintiff's requests for discovery, the discovery Orders of Magistrate Judge Arthur J. Boylan, and the Orders of this Court. Based on this willful

noncompliance, the Court finds and concludes that Defendant Wholesale Office Systems, Inc., is in default.[1]

2. The Court finds and concludes that the proper amount of damages due and owing the Plaintiff by the Defendants is the amount of $659,815.

3. That any finding of fact deemed a conclusion of law is incorporated herein.

Based upon the above Findings of Fact and Conclusions of Law, the Court hereby enters the following:

**ORDER**

1. That consistent with the findings of fact and conclusions of law, Plaintiff Sunrise International Leasing Corporation is entitled to a judgment of this Court in the amount of $659,815.

2. A default against Defendant Wholesale Office Systems, Inc., is hereby entered.

3. Pursuant to Rule 55 of the Federal Rules of Civil Procedure, judgment by default is hereby entered against Defendant Wholesale Office Systems, Inc., in the amount of $659,815.

4. The counterclaims of Defendant Wholesale Office Systems, Inc., are hereby **DISMISSED WITH PREJUDICE.**

---

[1] Pursuant to 11 U.S.C. § 362, Defendant Robert Walker's filing of a bankruptcy petition effects a stay on the continuation of any judicial action against Mr. Walker. Much to the Court's dismay, this prevents the Court from entering default judgment against Mr. Walker individually at this time. The Court uses the word "dismay" because at the September 6, 2002, hearing, as reflected in the Court's Order of September 9, 2002, the Court gave Robert Walker until October 15, 2002, to comply with existing orders of the Court. This allowance was made in the interest of fairness and justice to the Defendant. However, instead of using this opportunity to comply with the Court's orders, Defendant Walker, with deliberate indifference, yet again refused to comply and, with premeditation, filed bankruptcy before the Court's October 15, 2002, deadline. It therefore appears to the Court that, with or without the assistance of Mr. Walker's counsel, a fraud has been perpetrated upon this Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 16, 2002

DONOVAN W. FRANK
Judge of United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*