**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Sunrise International Leasing Corporation,

Plaintiff,

v.

Wholesale Office Systems, Inc.;
Robert Walker; and John Doe, 1-10,

Defendants.

Civil No. 01-31 (DWF/AJB)

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**

---

George E. Warner, Jr., Esq., Bernick & Lifson, 1200 Colonnade, 5500 Wayzata Boulevard, Minneapolis, MN 55416, counsel for Plaintiff.

Robert D. Maher, Esq., Best & Flanagan, 225 Sixth Street South, Suite 4000, Minneapolis, MN 55402, counsel for Defendant Wholesale Office Systems, Inc.

Steven B. Alderman, Esq., Alderman Wladis, 472 South Salina Street, Suite 444, Syracuse, NY 13202, counsel for Defendants Wholesale Office Systems, Inc., and John Doe, 1-10.

Caryn S. Glover, Esq., and Robert D. Maher, Esq., Best & Flanagan, 225 Sixth Street South, Suite 4000, Minneapolis, MN 55402, counsel for Defendant Robert Walker.

---

The above-entitled matter is before the Court upon Plaintiff's notice of motion and motion for an award of attorney fees pursuant to Federal Rules of Civil Procedure 54(d)(2)(B). The Court has received no response from Defendant Robert Walker or anyone on his behalf.

Based upon the presentations of the Plaintiff, the Court having reviewed the submissions of the Plaintiff, along with a careful review of the Court file in this matter, including the procedural history of the case, and the Court being otherwise duly advised in the premises, the Court hereby makes the following:

FILED JUN 30 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JUN 30 2003
DEPUTY CLERK

**FINDINGS OF FACT**

1. On January 8, 2001, Defendant's noticed the removal of the above-entitled matter to the jurisdiction of the United States District Court - District of Minnesota.

2. The parties engaged in extensive discovery and depositions, including the necessity of Plaintiff's motion to compel Defendants' discovery responses. The Court ordered that the Defendants must provide Plaintiff discovery by October 15, 2002, reserving the right to enter a default judgment against the Defendants in the event of noncompliance.

3. On October 14, 2002, one day prior to the discovery deadline established by the Court's order, Defendant Robert Walker filed for Chapter 13 bankruptcy protection in the United States Bankruptcy Court in the Northern District of New York.

4. The Court entered judgment against the, in effect, defunct corporation, Wholesale Office Systems, Inc., and in its order for default judgment acknowledged dismay at being prevented from the entry of judgment against Defendant Walker due to the noncompliance of Defendant Walker when the orders of the Court in the District of Minnesota synchronized with the filing of his bankruptcy action in New York.

5. The Plaintiff engaged local counsel in New York to seek dismissal of Defendant Robert Walker's claim for bankruptcy protection and, in February 2003, Defendant Robert Walker's Chapter 13 bankruptcy petition was dismissed based upon Plaintiff's objections.

6. On May 16, 2003, judgment was entered in the United States District Court in favor of Plaintiff and against Defendant Robert Walker in the amount of $659,815.

7. The Plaintiff is the prevailing party.

8. The Plaintiff has submitted a request for total attorney fees in the amount of $43,942.18.

9. The Court has reviewed the affidavits submitted by counsel outlining the total hours, as well as the hourly rates of the lawyers involved.

10. The Court finds that the hours claimed by the Plaintiff as and for attorney fees are reasonable.

11. The Court finds that the total number of hours submitted are reasonable based upon the record before the Court.

12. The Court, therefore, finds that the attorney fees and costs submitted in the total amount of $43,942.18 are reasonable, based upon the record before the Court.

13. That any conclusion of law that is deemed a finding of fact is incorporated herein as such.

Based upon the above findings of fact, the Court now makes its:

**CONCLUSIONS OF LAW**

1. The Court finds and concludes that the Plaintiff, Sunrise International Leasing Corporation, is entitled to a judgment of this Court for reasonable attorney fees and costs, consistent with the findings of fact above, in the amount of $43,942.18.

2. That any finding of fact which is deemed a conclusion of law is incorporated herein as such.

Based upon the above findings of fact and conclusions of law, the Court now enters the following:

**ORDER**

1. Consistent with the findings of fact and conclusions of law, Plaintiff Sunrise International Leasing Corporation is entitled to a judgment of this Court in the amount of $43,942.18.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 27, 2003

DONOVAN W. FRANK
Judge of United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995